# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL BRADY, | ) |
| Plaintiff, | ) |
| | ) No. 2:18-cv-02438-TLP-cgc |
| v. | ) |
| | ) JURY DEMAND |
| ERGON MARINE & INDUSTRIAL SUPPLY, INC., | ) |
| Defendant. | ) |

## ORDER GRANTING PARTIES' JOINT MOTION TO TRANSFER VENUE

Before the Court is the parties joint Motion to Transfer Venue, filed on July 16, 2018. (ECF No. 13.) For the following reasons, the Court transfers this action to the U.S. District Court for the Southern District of Mississippi, Northern Division.

A court may, in the interest of justice, "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Here, the parties, via their Motion, consent to this action's potential transfer to the Southern District of Mississippi, Northern Division. (ECF No. 13 at PageID 21.) The question is thus whether this action could have been brought in the Southern District of Mississippi and whether transfer is in the interest of justice.

This action arises under 46 U.S.C. § 30104, which concerns personal injury to, or death of, a seaman in the course of employment. *See* 46 U.S.C. § 30104. Jurisdiction for such a claim is proper in the Southern District of Mississippi under 28 U.S.C. § 1333, which gives district courts original jurisdiction over any case of admiralty or maritime jurisdiction.

*See* 28 U.S.C. § 1331(1).

It also appears that the Southern District of Mississippi is a proper *venue* for this action. In addition to jurisdiction, a court must also lay proper venue to hear an action. *See* § 1391. In general:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. § 1391(b).

According to the parties, Plaintiff is, and was at the time of the incident, a resident within the Southern District of Mississippi. Furthermore, Defendant is a Mississippi corporation with its principal place of business within the Southern District of Mississippi. It appears, then, that the Southern District of Mississippi is thus a proper venue to adjudicate this action. *See id*.

Lastly, the Western District of Tennessee is an *improper* venue for this action. While it, like the Southern District of Mississippi, has jurisdiction over this action under § 1333, it has no connection to the action itself, even by the parties' own admission. (ECF No. 13 at PageID 21).) Thus, the Court finds transfer proper, and in the interests of justice, not only under § 1404(a), but also under 28 U.S.C. § 1406(a). *See* § 1406(a) (mirroring § 1404(a), but instead applying when venue is improper, as opposed to merely inconvenient); *Garrett v. Warren*, No. 2:16-CV-2850-JDT-TMP, 2016 WL 6905975, at *1 (W.D. Tenn. Nov. 2, 2016), *report and recommendation adopted*, No. 16-2850-JDT-TMP, 2016 WL 6902490 (W.D. Tenn. Nov. 23, 2016); *Herron v. City of Holly Springs*, No. 16-CV-2936-JDT-TMP,

2016 WL 7634480, at *2 (W.D. Tenn. Dec. 1, 2016), *report and recommendation adopted*, No. 16-2936-JDT-TMP, 2017 WL 31482 (W.D. Tenn. Jan. 3, 2017).

The Court GRANTS the parties' Motion to Transfer Venue. The Clerk shall transfer this action to the Southern District of Mississippi, Northern Division.

**SO ORDERED**, this 24th day of July, 2018.

s/ Thomas L. Parker<br>
THOMAS L. PARKER<br>
UNITED STATES DISTRICT JUDGE